and on and called the last case of the day. People versus Herman Addison. I can't read your writing. I would have thought that this was Mr Daly. Maybe I couldn't do this writing, but I don't know who he is. Sorry. I apologize, your honor. Appellate Defender Rachel Moran. Rachel Moran. Okay. Good afternoon, your honors, and may it please the court. Domestic battery is ordinarily a misdemeanor, but it can be enhanced to a class for felony. If the defendant has previously been convicted of one of a specified list of prior offenses, one of which is aggravated battery against a family or in order to obtain a felony conviction, the state must do two things. It must first inform the defendant in the charging instrument of the specific prior conviction it intends to rely on, and then must prove that conviction and sentencing. In this case, the state charged Mr Addison with felony domestic battery base, and it gave him notice of a specific prior conviction. A 2000 and five aggravated battery. The state failed to prove that that aggravated battery was committed against the family or household member, and because the state failed to prove that Mr Addison's felony conviction and sentence were unauthorized, and this court should reduce his conviction to a misdemeanor and a sentence of time served. I'd like to start, if I may, by discussing all the things the state has conceded in this case on appeal, because there's really not a lot we disagree on, and I point out four concessions in the state's brief. The first is that it's required, the state concedes it's required to provide the defendant notice before using a prior conviction to enhance a class of offense. The state also concedes that the charging instrument in this case gave Mr Addison notice of only one conviction, and that was the 2005 aggravated battery. Third, the state concedes that it failed to prove that that aggravated battery was a qualifying offense, specifically because it failed to prove that it was committed against a family or household member. And fourth, and lastly, the state concedes that without proper notice and proof at sentencing, the defendant cannot be convicted of a felony offense. That really should settle the issue. The state has conceded that the conviction at charge was not sufficient, and that that alone should reduce, should authorize this court to conclude that Mr Addison's sentence should be reduced to a misdemeanor. However, instead of conceding, despite all these concessions, the state raises a new argument for the first time on appeal and says that even though it admittedly failed to prove the 2005 aggravated battery was a qualifying offense, this court should simply look at a different offense, specifically a 1998 out of state misdemeanor from Iowa, which is titled domestic abuse assault. There, are you saying that was the race for the first time on appeal? Yes, Your Honor. That's one of the major problems in the state's argument is that it never, at any point, the record does not indicate that the state attempted to use this 1998 out of state conviction as the predicate offense. It's just evidence of it came up at sentencing. It is evidence that came up at sentencing, and the state did indicate that that was one of Mr Addison's prior convictions, but it's not what they charged him with in the this is what we're trying to use to enhance the class of conviction. Does the, uh, the enhancing, um, conviction have to be bled in the charging instrument? Yes, it does, Your Honor. And that's what the notice statute about 5-111-3C specifically says. It says, um, that the defendant must provide when the state seeks an enhanced sentence because of a prior conviction, and I'm quoting the charging instrument, shale state such prior conviction so as to give notice to the defendant. But the Iowa, even though the Iowa conviction came up, was never in the charging instrument, right? Exactly. And there's no dispute the state has conceded it wasn't in the charging instrument. So that should resolve the issue. But even if this court were to ignore that, um, the conceded notice problem, which, uh, that should solve the situation on itself. There's a, there are a few other problems with the state's argument, one of which is the state is relying on an out-of-state conviction. Uh, the domestic battery statute says that an out-of-state conviction could be, um, a prior falling, a falling offense, but only if the trial court makes a finding of substantial similarity to an Illinois offense. And here, of course, the trial court never made that finding because it wasn't asked to because the state never gave Mr. Addison notice or said it was using that. And so it's kind of a circular problem here, but that would be another prerequisite to using the 1998 Iowa misdemeanor would be the trial court making a finding that that misdemeanor was substantially similar to a qualifying Illinois offense. And the trial court never was even asked to do that, let alone make that finding. Uh, and lastly, Your Honor, just as a, just as a well-settled principle, uh, Mr. Addison said numerous cases in his reply brief for the proposition that the state is not allowed to pursue a new theory on appeal that it never pursued in the trial courts. And that's exactly what the state is doing here. The state is, effectively what happened is the state apparently realized on appeal that it, it blew it at the trial court level, and now the state is trying to say, well, let's come up with a new never pursued on appeal. And it's, excuse me, at the trial level, and it's now when they can blindside Mr. Addison with now on appeal. The reality is the situation is pretty simple here. The state chose to charge Mr. Addison with something they couldn't prove, and now they have to live with that mistake. In this case, Mr. Addison has already served his full six year sentence, which he should never have received. It wasn't authorized by law, but he has. And so the only real remedy that this court can give him is to reduce his conviction to a misdemeanor and sentence him to time served, because he's already served well over the maximum allowed for a misdemeanor. If this court has no additional questions, I reserve the remainder of my time for rebuttal. I'm, I'm concerned about the status of the pleadings in this case. What really happened is, it looks like, or at least I thought, is Mr. Addison filed a 1401 petition that got dismissed. So the issues never got heard. Well, that's also true, Your Honor. And it's something else. The state's conceded that it should have been dismissed in 30 days. So I'm wondering how we reach the issues that you're talking about, since the court has never had the opportunity to hear your argument. Sure. Thank you. Thank you for bringing that up. The reason this court can reach it is because it's a void conviction, and the, this court is authorized to vacate, avoid conviction on appeal. And in People v. Thompson, which Mr. Addison cited in his opening brief, as well as People v. Whalum, which he relied on in his reply brief, both of those cases stand for the proposition that a specific, especially Thompson, that a defendant can raise a voidus issue for the first time on appeal from the Supreme Court, and that the court can reach that issue on appeal. In Thompson, that was a 2004 Supreme Court case, and the court, and that also involved a challenge to a void sentencing order. Here, it's both the conviction and the sentence that are void, but Thompson involved a challenge to a void sentencing order, and the Supreme Court held that, yes, it can be properly raised for the first time on appeal, even though it wasn't actually in the collateral petition, and that an appellate, a reviewing court can address that issue, and can vacate the conviction, or in that case, it simply vacated the sentence, because that's the only thing that was challenged. As far as the 214-01 petition, there are a couple things the court could do. The state has conceded, as Your Honor noted, that it should be remanded. I would simply point out that this, what I'm arguing now, is, although Mr. Addison, as a pro se petitioner, didn't phrase it exactly right, this is the relief he's been requesting, and it's just the fact that he's been proposing it on the collateral petition, that he didn't have noticed he was going to be subject to a felony conviction or sentence. He didn't argue it quite correctly, but that is the issue he has been requesting, this is the relief he wants all along, and so if his court properly grants him relief on appeal, the court could, we would have no problem with the court declining to remand, because this is the issue he's raised all along. If the court believes procedurally it should remand, it may very well be moved at this point if he's received the relief he requested, but there's no need for the trial court to make a finding that this court has all the information it needs to make itself. Thank you. Thank you, Your Honors. Mr. Daley? Procedurally, may it please the court. Procedurally, the state has received the 2-1401 issue because the court actually refused to rule on it, finding they had lost jurisdiction over the case 30 days after the, so I have to disagree a little bit that this court can do anything on it, because essentially at this point we have, this court had to be a court of essentially original jurisdiction to rule upon the merits of a 2-1401, and the circuit court has never actually done it in the first place. So it's a civil pleading, I'm sure the court agreed, you can't rule on civil pleadings unless the court does something with them below. Even if it's a void sentence? Well, that's... We've had these come up before. In fact, we've had the state argue that a sentence is void because of lack of a enhancement for firearm or whatever. Yes, that's correct. And that's really how, that's sort of the extra issue in this case beyond the 2-1401 comes about, because voidness can be raised at any time on appeals, as long as the court has jurisdiction, okay? People versus flower. So, but, I was wondering when we're going to bring up the word void, and I actually heard this talked about in an earlier argument today, because void is a very particular meaning, and it's a very, very strict and narrow class of meaning, meaning that a circuit court either has, neither has personal nor subject matter jurisdiction, or acts outside of its statutory authority. So, to say that this felony conviction is void, well, we know that the court had personal and subject matter jurisdiction. It's not a question. So the question that remains is that the court acts outside of its statutory authority. The answer to that is no, and here's why. The defendant does a good job of kind of citing all my concessions. We don't do a good job of presenting other issues that relate to that, and that's understandable. The enhancing of a domestic gathering offense from a Class A to a Class 4 is done by virtue of the existence of a prior conviction under a certain class of offenses. One of those, if you look at the statute, which is 5-12-3.2, it doesn't talk about judgment making and finding. It just says if the defendant is convicted of these offenses or a substantially similar offense in another jurisdiction, they're eligible for Class 4 felony sentencing for a violation of what would otherwise be a domestic gathering conviction. So, the existence of a conviction is what establishes the court's power, the inherent power, if you will, to sentence the defendant as a minor charge, an aggravated minor charge, which it doesn't appear to have any relationship to being a defense involving a family member or something like that. So, I agree. When we got to sentencing, things got a little murkier. Let me ask a procedural question if I can. So, just make sure I understand how this works. The state is required to allege the enhancing conviction in the domestic battery. They don't even know anything about it. They only determine the elements of the domestic battery charge. And then, if at sentencing, you know, the court agrees that, I'm going to say, the incident alleged or the conviction alleged is a proper enhancing conviction, when judgment of conviction is entered, it's entered as a Class 4 felony. Based upon the qualifying defense being established in the circuit court, correct? Right, right, right. Okay. It's a notification statute, not an element of the defense. And you have to look at this like any sort of notification. The purpose of it is to not, as the defendant says here, blindside, which is an interesting choice of phrase, since that's the very first time I've ever heard that word used in this case. Certainly wasn't blindsided at the circuit court level, or the defendant didn't raise any objection, or any surprise, or any sort of like, whoa, where's this coming from, Steve? Okay? Now, I think there's some confusion. Well, evidently, in the circuit court, nobody ever noticed that this aggravated battery conviction was not eligible for enhancement. Well, actually, it was even more than that, to some extent, because when the prosecutor began talking about the prior convictions, the prosecutor referenced this aggravated battery, not in terms of a class enhancer, but as creating an extendable offense. You'll know in this case that the defendant received both a class 4 and an extended term. So there's this mix of convictions. But, of course, there must be a reason why the state presents this particular conviction to the court. However you want to look at it, I think there's little doubt, there's really no contestation from the defendant here, that the prior conviction in Idaho is substantially similar to Illinois' domestic battery statute, and the defendant was convicted of it, and by virtue of the enabling statute, if you will, and the domestic violence statute, domestic battery statute, that authorizes the court to sentence the defender, actually enhances the class defense to a class 4 felony. So the judgment in no way, shape, or form can be void is void to all, because the defendant would have to object and say, I was not put on notice of what the state was going to use to enhance the class. But the defendant never objected. And so I think that's very important, and I was glad we finally got to it at the end of counsel's argument, that the argument is that it's void. It's not void. The court was perfectly empowered and entitled to sentence the defendant as a class 4, once the state had presented the authorizing conviction. If the defendant was surprised it was prejudice, I'm sorry, even though it was a different one than what was announced? Absolutely, because there's only a notification. Okay, so let's say this would have played out differently, and they had gone to sentence it, and the defendant said, aha, you alleged a criminal offense that is not a proper enhancing offense. You must sentence me to a misdemeanor. State of the art. You're saying at that point the court could have said, you know, aha, back. There's another qualifying enhancement offense, so I'm going to sentence you as a felony anyway. Right. The court could say, I think my principle is a due process. You've been blindsided, if you will, by not putting the correct charge in the notification, in the charge, and then coming to the court and saying, voila, I've got this. So what's the remedy? What's the defendant's remedy then for not having a proper charge filed against him? The charge is perfectly fine. It's the notification that's wrong. Well, I know. It's fine for a misdemeanor. It's fine for a felony. Don't, like any notification statute. In this case, the charge did not, it does not state a class 4 felony because it does not allege a conviction that is an enhancing offense. It doesn't have to, Your Honor. It's not an element of the offense. Okay. The state's only obligated to disclose the elements of the offense. It's obligated to disclose the prior conviction that's going to use to enhance from an A to a 4, but it's not an element. It's to put the defendant on notice of what the state's intention is going to do. So like any case that involves notification and due process and prejudice involved in the improper notification procedures, the defendant can assert improper notification and say that we have due process principles. Preclusion precludes this court from using that idle conviction, which clearly authorizes the circuit court to sentence, to have the defendant convicted as a class 4 offender and say that due process and prejudice says that we were blindsided by this particular piece of information, but it doesn't make it void. It's not an element of the offense. If it were an element of the offense, then you might have avoidance, Your Honor. But it's specifically and explicitly by statute not an element. Okay. We all agree on that, I think. So that being the case, the whole case really reduces to a notification error, which only makes the conviction voidable and not void. And that's where we're at. Because the only argument the defendant raises arguably now is basically to say it's a void charge, it's a void conviction. And you concede that it's voidable and it should be rendered void? No, I concede that it's voidable and it's been forfeited, and the defendant has not established any prejudice. He's not established any surprise. I'm sure he'll get up there and say, well, we were horribly surprised, but I challenge you to find anywhere in the record that that happened. You won't. So it's a matter of not having properly preserved this particular issue. The defense in this case, Your Honor, is that the conviction is void. That's the argument they're calling. You're of the opinion that the 1401 dismissal should be affirmed. No, I'm not. You conceded that it was improperly dismissed. I conceded that the court never actually even dismissed it. The court never considered it at all. Because the court didn't think it had jurisdiction. Correct. I mean, you can't even file a 2-141 petition until after 30 days post-judgment. So what would you ask the court to do? Reverse the dismissal and remand it? Yes. I mean, I concede that this should be remanded for the court to consider the They've got to give the state 30 days to respond. Right. I mean, there's a lot of procedures. I think we're jumping way ahead of the game by not at least allowing the full panoply of civil procedures for this. So the arguments you're making here you want to be able to make would be made then in the state court. Trial court. Void law. Yeah, maybe. I mean, like I said, I don't want to jump the gun about taking it to the United, et cetera. But at least there would be argument. The state would file its answer, response anyway. Or, yeah, right. You have to say yes or no. Or we would dismiss on procedural grounds. Right. I'm not holding you to an answer. I'm saying a response of pleading would be filed by the state. Okay. I think so. Responding. Okay. Okay. That's all I have. Thank you. Mr. Daly says we can't do any of the things you want us to do. Your Honor, I would disagree. And I'd like to focus my rebuttal, if I may, on two specific points. The first is the void-voidability distinction. But also, secondly, I'd like to address the state's claim that nobody was And maybe I should start there, because that's very brief. But actually, Mr. Addison indicated his surprise almost immediately. The state said he would challenge me to find any portion in the record. It's actually quite clear. Page 295 of the common law record, that's just 13 days after Mr. Addison is sentenced. And he files the first of his pro se motions saying, I didn't know I was going to be sentenced to a felony conviction or extended term sentence. And again, we admit he didn't phrase it exactly right, but that is what he has been claiming since 13 days after he was sentenced, since before the post-trial motion was even filed or decided. He was surprised by what happened to him in sentencing. And defense counsel didn't object, but that, essentially what the state is doing here is conceding that it erred in a kind of critical manner at Well, they're saying defendant forfeited. Right. They are making that claim. And first of all, forfeiture isn't really an appropriate thing to be discussing in the context of a petition for relief from judgment. But I think more importantly, the way the court addresses this is the ultimate distinction between void and voidable. What the state failed to do is acknowledge the two cases that Mr. Addison cited on this point in his reply brief. The first is Thompson and the second is People v. Whalum. In Thompson, the state made that same argument that the state is making now. And it said that where a defendant was sentenced to an extended term sentence, but was not actually eligible for an extended term, and he failed to object, and he raised the issue for the first time on an appeal from a The state argued that that sentence was merely voidable, not void. And the Supreme Court rejected that argument and said because the court was not authorized to impose on that defendant an extended term sentence, the sentence was void and could be reached for the first time on an appeal. And that's what we have here. The state said that the existence of a prior conviction alone is enough to That's actually not true. The existence of prior qualifying conviction is one part of what authorizes the court. But prior notice is also another factor. If no notice is given, the court is not authorized by law pursuant to the notice statute, it cannot impose a felony conviction when notice was not given of that felony conviction. And that's what the notice statute says. It says such prior conviction, and the state shall notify the defendant. That's mandatory language. And based on that, the notice statute, the trial court is not authorized by law to impose a felony conviction until the state has given proper notice. So your argument would be alleging a conviction that does not qualify as an enhancing conviction is no different than alleging no conviction at all. Exactly. It doesn't matter if you say a prior conviction that you can't prove and that you never do prove. That's not sufficient. And just briefly, Your Honors, People v. Waylon is the other case we relied on in our reply brief. And that's even more factually on point. That's a case decided by the appellate court just last year. And in that case, the state was seeking, just as it is here, to use a prior conviction, an out-of-state conviction, to enhance the defendant's class of offense. It wasn't the domestic battery statute. It was the firearm statute. But it was seeking to use a prior conviction to enhance the defendant's class of offense. And the court found that where the state had not provided the defendant notice about that specific offense, that the conviction was void. Specifically found void, not voidable. If this conviction was void because the state did not properly allege notice and had not given the trial court an opportunity to make a finding of substantial similarity. Because the out-of-state offense was not alleged in the charging instrument, it could not be used to enhance the defendant's conviction. And therefore, the enhanced conviction was void. You indicated that the Thompson case is in the reply brief. I apologize, Your Honor. That's in the opening brief. Waylon was in the reply brief. Thompson is an Illinois Supreme Court case from 2004. I see. Okay, great. Thank you. Thank you, Your Honor. Okay, this matter will be taken under advisement, and a disposition will be issued in due course. Thank you both. I believe this concludes our dialogue for the day, so the court will be in recess.